

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

August 22, 1946

Honorable C. D. Simmons, Comptroller
The University of Texas
Austin 12, Texas

Dear Sir:

Opinion No. O-7344
Re: Refunding of Grayson
    County Road Improvement
    Refunding Bonds, dated
    February 15, 1923

We have received your letter of recent date, which is quoted as follows:

"There is listed below a parcel of bonds held for the Permanent University Fund which the issuing unit has called for redemption prior to the stated maturity notwithstanding the fact that no reservation of such right was provided for in the bond instrument or in the proceedings authorizing their issuance. Inclosed herewith is a copy of the official notice of call. I am instructed by the Board of Regents of the University of Texas to request your opinion as to (1) whether the bonds are subject to call for redemption and, if so, (2) whether or not such bonds have in fact been properly and legally called for redemption.

"$5,000 par value Grayson County Road Improvement Refunding Bonds, Series 1923, dated February 15, 1923, bearing interest at the rate of 4-3/4%, due February 15, 1955, called for payment August 15, 1946, State Comptroller's Registration No. 6783."

We have examined the original transcript of this bond issue and also the transcript covering the Grayson County Road Improvement Bonds, dated July 10, 1915, the outstanding bonds of which latter-mentioned issue were refunded by the 1923 bonds. It may be added that both the 1915 and 1923 bonds were duly approved by the Attorney General and registered by the Comptroller

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of Public Accounts as prescribed by law.

The 1915 bonds were issued under the authority of Chapter 1, Title 18 of the Revised Civil Statutes of 1911 (Article 605 et seq.). The bonds matured forty years from date, but they contained a redemption clause to the effect that they could be redeemed at any time after five years from their date. However, even without the redemption clause, these 1915 bonds would have been redeemable. The Supreme Court in the case of Cochran County v. Mann, 172 S. W. (2d) 689, interpreted Article 611, Revised Civil Statutes of 1911 (a part of the above-mentioned chapter), which provided as follows:

"All bonds issued under this chapter shall run not exceeding forty years, and shall be redeemable at the pleasure of the county at any time after five years after the issuance of the bonds, or after any period not exceeding ten years, which may be fixed by the Commissioners' Court."

The court in interpreting this statute held the following:

"The above statute, being in effect at the time the bonds were issued, was read into and formed a part of the contract, and purchasers of the bonds were charged with notice thereof and are presumed to have bought the bonds in recognition thereof. 1 Jones, Bonds and Bond Securities, 4th Ed., p. 590, par. 527.

"As we construe the above statute, where bonds are issued under the chapter therein referred to, if the Commissioners' Court at the time the bonds are issued makes no provision concerning its right to redeem the bonds prior to their maturity, they may be redeemed at the pleasure of the county at any time after five years after the issuance thereof. However, the Commissioners' Court may, by an appropriate order entered at the time the bonds are issued, postpone the date after which the bonds may be redeemed to not exceeding ten years from the date of their issuance. The bonds are redeemable, in all events, at not exceeding ten years from the date of their issuance. Dallas County v. Lockhart, State Treasurer, 128 Tex. 50, 96 S. W. 2d 60.

"Since no provision was made fixing the date after which the bonds here under consideration could be redeemed, they were redeemable, perforce of the statute, at any time after five years after the issuance thereof. . . ."

Therefore, our question resolves itself into whether or not this statute is applicable to the 1923 refunding bonds. These bonds were issued under the authority of Article 657, Chapter 3, Title 18 of the Revised Civil Statutes of 1911, a different chapter from the one containing Article 611, above-quoted. Article 657 provided as follows:

"Where bonds have legally been issued, or may be hereafter issued, by any county for any of the purposes named in Article 610, new bonds bearing the same as a lower rate of interest may be issued, in conformity with existing law, in lieu thereof."

Articles 610, 611, and 657 were brought into the Revised Civil Statutes of 1925 as Articles 718, 720, and 725, respectively, and all within the same chapter (Title 22, Chapter 2). If the refunding bonds had been issued under Article 725, then under the case of Bexar County v. Sellers (Sup. Ct.), 178 S. W. (2d) 505, the bonds would be redeemable, for the court held that the redemption provisions of Article 720 applied to all bonds issued under that chapter (Chapter 2 of Title 22), which included refunding bonds issued under Article 725, and the maximum time limit after which bonds are redeemable has passed.

However, that is not the situation confronting us, for the 1923 Grayson County refunding bonds were issued under the authority of Article 657, which was contained in a different chapter from Article 611.

This identical question was recently before the Fort Worth Court of Civil Appeals in the case of State National Bank of El Paso v. Tarrent County (not yet reported). The facts involved in that case are as follows: Tarrent County had issued road and bridge bonds in 1912, which bonds contained redemption provisions. These bonds were redeemed in 1922, and funding bonds with no option of redemption provisions were issued. The funding bonds were called for payment, and appellant bank contended that the county had no right to do so. The suit was for accrued interest on the bonds held by appellant since the date of notice.

We quote from the opinion of the court:

Honorable C. D. Simmons, Page 4

"Appellant presents four points of error, but in its brief concedes that 'The only question in this case is whether the Tarrant County Road and Bridge Funding Bonds, dated November 1, 1922, issued by said county under authority of Article 657, Chapter 3, Title 18, Revised Statutes of 1911, are subject to redemption "at the pleasure of the county."' The appellant, plaintiff below, contends that said bonds are not redeemable, and appellee, defendant below, insists that they are redeemable."

With respect to this question, the court held the following:

"The 1912 issue was for road and bridge purposes, authorized by Article 610, 1911 Statutes. Article 611, same Statute, provides, among other things, for the redemption of those bonds by the county at its pleasure within certain limitations.

"Article 657, 1911 Statutes, previously quoted, begins with the expression, 'Where bonds have been legally issued.' As pointed out above, these bonds were legally issued in 1912. The article continues, 'or may be hereafter issued, by any county for any of the purposes named in Article 610, new bonds ***' may be issued in conformity with existing law in lieu of the former ones. By virtue of this statutory provision the 1922 bonds in controversy were issued in lieu of those under date of 1912.

"It is fundamentally true that since the debt evidenced by the 1912 issue was still unpaid and owing by the appellee a renewal of that obligation by putting another one of its obligations or promises to pay 'in lieu' thereof, meaning instead of its first obligation or evidence of its debt, did not create a new debt owing by appellee to appellant, but it remained the same debt incurred for money with which to build and maintain roads and bridges. This debt was created by the issuance of the 1912 bonds, which was a purpose authorized by Article 610, 1911 Statutes. As we view it that debt will continue to be one incurred for the authorized purpose until it is paid, irrespective of the number of times the appellee renews it by funding or refunding bonds which represent the same debt. Dallas County v. Lockhart, Treasurer, (Sup.) 96 S. W. 2d 60 (63).

"***Bearing in mind that appellee's debt, as in-

curred in 1912, for funds with which to build and maintain roads and bridges, was still unpaid, although evidence of the debt was renewed and extended in 1922, it is our belief that under the applicable law appellee has never lost its right to call for and redeem its funding bond obligation which stands in lieu of its original bonds theretofore legally issued."

Thus, we see that the court held that bonds of the type considered in this opinion, and issued under the identical statutory authority, were redeemable by the county under the provisions of Article 611, Revised Statutes of 1911. In other words, the redemption provisions of Article 611 were read into and formed a part of the bond contract. Cochran County v. Mann, supra.

We wish to emphasize, however, that we have been advised that a Motion for Rehearing will be submitted to the court in the Tarrant County case. Therefore, the decision of the court has not become final. Hence, this opinion merely holds that the Grayson County bonds are subject to redemption under the decision of the court in the Tarrant County case if said decision is not changed on rehearing or on appeal.

We do not have available for examination any of the bonds sought to be redeemed. However, the bond form included in the original transcript contains the phrase "without option of prior payment." If the bonds were redeemable as a matter of law under Article 611 (Cochran County v. Mann, supra), then this phrase would be of no effect, for it is elementary that commissioners' courts would be bound by the statute and would be powerless to change or abrogate the same.

You ask also whether the bonds have in fact been properly called. The Notice of Call was authorized by an order of the Commissioners' Court of Grayson County on July 8, 1946. The bonds sought to be redeemed both in the order and in the notice were identified as to series, date, amount originally issued, amount presently outstanding, maturity dates, and the places for redemption were fixed. The designated places for redemption were the Office of the State Treasurer, Austin, Texas, or the Austin National Bank, Austin, Texas, or the First National Bank in Dallas, Dallas, Texas. The order directed the County Treasurer to give notice of intention to redeem the bonds in the following manner: "By the giving of thirty days' notice in writing to the Office of the State Treasurer, Austin, Texas, the Austin National Bank, Austin, Texas, the First National Bank in Dallas, Dallas, Texas and by publication of said notice in a financial journal published in the City of New York, to-wit: The Bond Buyer."

This department has the certificate of the County Treasurer to the effect that the notice was mailed to the named places on July 8, 1946, by registered mail.

It is a general rule of law that if redeemable bonds do not set out the conditions of call, a reasonable notice is requested. It is our opinion that the notice under consideration is reasonable. Moreover, your letter of request was accompanied by a copy of such notice which was received by the University of Texas.

You are, therefore, advised that your two questions are answered as follows:

(1) If the decision in the Tarrant County case is not changed to the contrary on rehearing or on appeal, the Grayson County bonds are subject to redemption.

(2) If the bonds are redeemable, the notice of call is sufficient.

We regret that we are unable to give a more definite answer to your first question, but until the disposition of the Tarrant County case becomes definite, we are able to advise only upon the contingencies herein expressed. You are further advised that the transcript of Grayson County, Texas, Road and Bridge Refunding Bonds, Series 1946, (which are to refund the outstanding bonds of the 1923 issue), has been submitted to this department for approval. This department will withhold its opinion on this issue until the final disposition of the Tarrant County case.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By George V. Sparks
George V. Sparks
Assistant

APPROVED AUG 29 1946

FIRST ASSISTANT
ATTORNEY GENERAL

GVS/LH

